## FLSA SETTLEMENT AGREEMENT

THIS FLSA SETTLEMENT AGREEMENT ("Agreement") is made by and between MELONIE MYERS ("Plaintiff") and BELLEVIEW VETERINARY HOSPITAL, INC. ("Defendant").

WHEREAS, Plaintiff instituted the above-referenced case in the United States District Court for the Middle District of Florida, Ocala Division to include a claim under the Fair Labor Standards Act ("Lawsuit"); and

WHEREAS, Defendant denies liability herein and any wrongdoing in respect to Plaintiff's Lawsuit; and

WHEREAS, Plaintiff and Defendant wish to avoid litigation of the FSLA claim and settle and resolve this controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled FLSA claims are hereby resolved as follows:

**RECITALS** The foregoing recitals are true and correct and are incorporated herein by this reference.

1. **RELEASE OF FLSA CLAIMS**

    a. This Agreement shall constitute a waiver and release of Plaintiff's FLSA claims asserted in the Lawsuit.

b. Plaintiff shall withdraw, in writing and with prejudice the Lawsuit within three (3) days of the Court's approval of the settlement. Upon execution of this Agreement, the parties shall file the Joint Motion for Approval of Settlement.

c. Plaintiff hereby knowingly and voluntarily releases and forever discharges Defendant, its current and former parents, subsidiaries, affiliates, and insurers, and their past and present successors, assigns, directors, officers, shareholders, members, employees, agents, insurers and attorneys both individually and in their capacities as successors, assigns, directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees") from any and all FLSA claims, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, against any of the Releasees.

2. **CONSIDERATION**

a. If (1) Plaintiff executes this Agreement, and (2) the Court approves this Agreement, then, in consideration of the matters set forth herein, Defendant shall pay to Plaintiff the total sum of Five Thousand Five Hundred Dollars ($6,700.00) as follows:

(i) $816.33 to Plaintiff for FLSA wages, net after federal payroll deductions from $950.00, accompanied by a W-2 issued;

(ii) $950.00 to Plaintiff for liquidated damages under the FLSA, for which a 1099 shall be issued; and

(iii) $4,800.00 to Richard Celler Legal, P.A. for attorneys' fees and costs, for which a 1099 shall be issued.

Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to indemnify Defendant and hold it harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or her attorney under the

2

terms of this Agreement. In the event of any litigation arising from a breach of the Agreement, the prevailing party shall be entitled to recovery any remedy or right it or he may have at law or in equity, including but not limited to, his/its reasonable attorneys' fees and costs.

3. **NO ADMISSION**

Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendant and/or Releasees of any liability, unlawful conduct of any kind or violation by Defendant of the FLSA.

4. **OPPORTUNITY TO REVIEW**

Plaintiff acknowledges that she is aware that she is giving up her FLSA claim she may have against Defendant. Plaintiff acknowledges that she has had the opportunity to consult with an attorney, at Plaintiff's expense, before signing this Agreement, and, by signing below, Plaintiff acknowledges that she has been so advised that she consulted with the law firm of Richard Celler Legal, P.A. prior to signing this Agreement. Plaintiff signs this Agreement voluntarily.

5. **VENUE AND GOVERNING LAW**

This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida, Ocala Division.

6. **AMENDMENTS**

This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference

to this Agreement.

### 7. EXECUTION IN COUNTERPARTS

This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be considered an original. All the counterparts together shall constitute one and the same instrument.

The signatories have carefully read this entire settlement agreement, the parties have been represented by counsel throughout the negotiation of this agreement, and have consulted with their attorneys before signing this agreement. The parties fully understand the final and binding effect of this agreement. The only promises or representations made to any signatory about this agreement are contained in this agreement.

Having elected to execute this settlement agreement, to fulfill the promises set forth herein, and to receive thereby the settlement sum and benefits set forth above, plaintiff freely and knowingly and after due consideration, enters into this settlement agreement intending to waive, settle and release only her FLSA claims against releasees. The parties are signing this agreement voluntarily and knowingly.

4

_____
MELONIE MYERS

Date: June 19, 2018

_____
BELLEVIEW VETERINARY HOSPITAL, INC.

Name:_____

Title:_____

Date: June ____, 2018

5

_____
MELONIE MYERS

Date: June _____, 2018


_____
BELLEVIEW VETERINARY HOSPITAL, INC.
Name: Dr Rick Brown

Title: Owner

Date: June 19, 2018

5