UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MELONIE MYERS,**

    Plaintiff,

v.                                              Case No: 5:17-cv-369-Oc-CEMPRL

**BELLEVIEW VETERINARY
HOSPITAL, INC**

    Defendant.

---

**REPORT AND RECOMMENDATION[1]**

The parties, in this Fair Labor Standards Act (FLSA) claim, have filed a joint notice of settlement and amended settlement agreement and now seek the Court's approval of their agreement. (Doc. 31). The notice of settlement has been referred by the District Court for a report and recommendation. The Court must determine whether the settlement between Plaintiff Melonie Myers and Defendant Belleview Veterinary Hospital Inc., is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982).

**I.   LEGAL STANDARDS**

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." 679 F.2d at 1353.

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

## II.   DISCUSSION

As set forth in the settlement agreement (Doc. 31-1), Defendant will pay a total of $6,700, which includes 1) $950 in back pay,[2] 2) $950 in liquidated damages, and 3) $4,800 in attorney's fees and costs, in exchange for a release from all of Plaintiff's FLSA claims. Defendant explicitly denies any liability under the FLSA. The parties were represented by experienced counsel, and both the terms and conditions of the parties' settlement were the subject of arms-length negotiations between counsel. (Doc. 31-1 ¶4). The parties' settlement agreement pertains only to Plaintiff's FLSA claims, regarding which there were numerous legal and factual disputes. The parties have determined that it is in their respective best interest to conclude the dispute and issues

---

[2] The actual net to Plaintiff is $816.33 after taxes. (Doc. 29-1 ¶2(a)(i)).

alleged by a fair, full and complete payment and satisfaction of the claims of Plaintiff, without continuing this lawsuit. The parties maintain that that the settlement is fair and reasonable. Under the circumstances, I agree and find this is a fair and reasonable resolution to the dispute.

With respect to the agreed-to sum for attorney's fee and costs, the parties represent that they were negotiated separately from Plaintiffs' recovery.[3] (Doc. 31-1 ¶2(b)). *See Bonetti v. Embarq Mgmt.Co.*, 715 F. Supp. 2d 1222, 1227–28 (M.D. Fla. 2009). I find as well that the amount of $4,500 for attorney's fees and costs appears to be reasonable.[4]

### III. CONCLUSION

Accordingly, I **RECOMMEND** that the Court **grant** the parties' joint motion for approval of the settlement agreement (Doc. 31), as it is a fair and reasonable compromise of Plaintiff's FLSA claim.

**Recommended** in Ocala, Florida on July 17, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

---

[3] Previously, the Court had observed that the original settlement agreement did not contain the normal assurance that Plaintiff's attorney's fee had been negotiated separately and directed the parties to verify that the attorney's fee had not reduced Plaintiff's recovery. (Doc. 30). In their revised settlement agreement, the parties verify that the amounts "were negotiated by and between Plaintiff and Defendant as separate matters, without one part affecting the other." (Doc. 31-1 ¶2(b)).

[4] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007)(quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328 (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable based on the history of this case and Plaintiff does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy